IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAYMOND R. LENHART, JR., et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| OCEAN SPRAY CRANBERRIES, INC., et al. | : | NO. 10-1569 |
| | : | |
| RAYMOND R. LENHART, JR., et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| K TRUCKING & SON, INC., et al. | : | NO. 10-2575 |

MEMORANDUM

Bartle, C.J.                                                                     October 27, 2010

        These diversity cases are related actions brought by plaintiff Raymond R. Lenhart, Jr. who seeks damages arising out of injuries he suffered while loading cranberries on a forklift inside a tractor trailer.

        Now before the court is the motion of plaintiffs for alternative service of process. Plaintiffs seek to serve the summons and amended complaint in these cases upon defendants Payless Freight, Inc. ("Payless") and K&A Carrier Service ("K&A") by first class mail, by certified mail return receipt requested, and by posting a copy of the summons and amended complaint at the last known address of the defendants.

        Rules 4(e)(1) and 4(h)(1)(A) of the Federal Rules of Civil Procedure allow a party to serve a summons and complaint on a defendant by "following state law for serving a summons in an

action brought in courts of general jurisdiction in the state where the district court is located or where service is made." In Pennsylvania,

> [s]ervice of original process upon a corporation or similar entity shall be made by handing a copy to any of the following persons provided the person served is not a plaintiff in the action: (1) an executive officer, partner, or trustee of the corporation or similar entity, or (2) the manager, clerk, or other person for the time being in charge of any regular place of business or activity of hte corporation or similar entity, or (3) an agent authorized by the corporation or similar entity in writing to receive service of process for it.

Pa. R. Civ. P. 424.

Where service cannot be made under the generally applicable rule, Rule 430 of the Pennsylvania Rules of Civil Procedure allows a defendant to move the court for a special order directing an alternative method of service. Rule 430 requires that the motion "be accompanied by an affidavit stating the nature and extent of the investigation which has been made to determine the whereabouts of the defendant and the reasons why service cannot be made."

Plaintiffs have moved the court to permit alternative service and have attached an affidavit describing their extensive but so far futile efforts to serve defendants Payless and K&A, both of which appear to be headed by persons named Amani "Amanda" Bitar and Paul Bitar. Plaintiffs first attempted to serve the summons and complaint on defendants K&A and Payless at 3870 Broadway, Building A, Cheektowaga, New York, and 3860 Broadway, Building A, Cheektowaga, New York. Plaintiffs found these

addresses listed on the assignment of truck lease that defendants K&A and Payless had signed with defendant Ryder Transportation Services.  Mailings by the plaintiffs, both by certified mail, return receipt requested, and by first class mail, were returned marked, "Attempted Unknown," and "Attempted Not Known," respectively.

Plaintiffs then performed a search through the New York Department of State, which revealed that Payless would accept service of process at 3630 Walden Avenue, Lancaster, New York and that the Chief Executive Officer of Payless, Amanda Bitar, maintained an address of P.O. Box 471, Williamsville, New York.  Plaintiffs attempted service of Payless at 3630 Walden Avenue by a process server.  The process server reported to plaintiffs that Argus Accounting & Tax Service, defendants' former accountant, was located at that address and that Argus employees informed him that Payless had gone out of business.  Plaintiffs also attempted to serve K&A via certified and regular mail at P.O.Box 471, Williamsville, New York, but both mailings were returned marked "Sorry... Addressee Not Listed on P.O. Box" and "Unclaimed."

Plaintiffs further made Freedom of Information Act requests with the United States Postal Service, seeking the address of K&A and Payless.  As to K&A, the Postal Service stated "Not known at address given."  As to Payless, the Postal Service responded that the street address was "Amani Bitar, 470 Klein Road, Williamsville, NY."  Plaintiffs attempted to serve the defendants by mail at the 470 Klein Road location, but the

mailings were returned marked "Not Deliverable As Addressed - Unable to Forward."  Plaintiffs then hired a process server, Jillina A. Kwiatkowski, who attempted to serve the summons and complaint on defendants at 470 Klein Road.  Kwiatkowski reported that the residents of that address stated that they did not know the business name of K&A Carrier Service or Payless Freight, Inc.  On the second attempt at service, process server Ted Kwiatkoski reported that the residents claimed not to know of either defendant company or the name "Bitar."

Subsequent internet searches and real property checks performed by plaintiffs indicate that the address for K&A, Payless, and Amani Bitar is 470 Klein Road, Williamsville, New York.

We find that plaintiffs have made sufficient efforts to serve the defendants.  Nonetheless, plaintiffs have been unable to do so.  In light of their efforts, we find it reasonable and appropriate that service be made by first class mail, by certified mail return receipt requested, and by posting a copy of the summons and Amended Complaint on the defendants' last known addresses of 470 Klein Road, Williamsville, New York.